UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON HOWARD,<br><br>Defendant. | No. 2:20-cr-00090-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Clayton Howard's ("Defendant") motion to strike the Government's late informal objections to the draft presentence investigation report ("PSR"). (ECF No. 53.) The Government filed an opposition. (ECF No. 46.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion to strike is GRANTED.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2022, Defendant entered an open guilty plea to a single count Indictment charging him with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 38.)  The Court issued a scheduling order with deadlines for the presentence report disclosure, informal objections, sentencing related briefing, and set a sentencing date of July 29, 2022.  (ECF No. 39.)  On July 25, 2022, the parties stipulated to continue the sentencing date to October 6, 2022, and modify the previously established schedule.  (ECF No. 41.)  The Court granted the parties stipulation and ordered the schedule extended.  (ECF No. 42.)  Pursuant to the new schedule, the deadline to submit informal objections to the PSR was September 8, 2022.  (*Id.*)

Defendant timely submitted his informal objections to the Probation Officer and to the Government via email on September 8, 2022.  (ECF No. 54 at 3.)  The Government did not file its informal objections.  Rather, on September 8, 2022, the Assistant United States Attorney assigned to this case sent an email to the Probation Officer and Defense Counsel, noting she was "caught up" in a hearing and asking if she could send informal objections in the morning.  (ECF No. 55 at 10.)  Probation responded that they did not have a problem with it "*provided* it is okay with [Defense Counsel]." (*Id.*) (emphasis added.)  Defense Counsel did not provide their consent.  The next morning, the Government submitted its informal objections to the PSR, which included a report from the Bureau of Alcohol, Tobacco, and Firearms ("ATF") that concluded a fuel filter found in Defendant's possession was a silencer.  (ECF No. 54 at 3.)  That same morning, Defense Counsel viewed the email sent by the Government and responded with his objection to the Government's untimely submission.  (ECF No 55 at 8.)  Probation nonetheless considered the Government's untimely informal objections despite Defendant's objection.  (ECF No. 54 at 4.)  Based on the Government's untimely informal objections, Probation increased Defendant's offense level by two levels.  (*Id.*)

Defendant filed a timely formal objection to the PSR prior to the sentencing hearing raising the issue of the Government's untimely informal objections.  (ECF No. 45.)  On October 6, 2022, during the time set for sentencing, the Court heard arguments from the parties regarding

this issue and ordered the parties to file supplemental briefing. (ECF No. 48.) The Court also set an evidentiary hearing for December 8, 2022. (*Id.*) The hearing was subsequently re-set for December 15, 2022. (ECF No. 51.)

On October 27, 2022, in response to the Court's order for further briefing, Defendant filed a motion to strike, memorandum in support of motion to strike, and accompanying exhibits. (ECF Nos. 53, 54, 55.) The Government filed their opposition on November 3, 2022. (ECF No. 56.)

## II. STANDARD OF LAW

Federal Rule of Criminal Procedure 32 ("Rule 32") governs sentencing and judgment procedures, including the preparation of a PSR, timing for disclosure of the PSR to the parties, and deadlines for submitting objections. Rule 32(e)(2) requires the probation office to provide a copy of the PSR to Defendant and the Government 35 days prior to sentencing. Rule 32(f) allows the parties to file objections in writing within 14 days after receiving the PSR. These time limits, however, may be changed by the Court for "good cause." Fed. R. Crim. P. 32(b)(2).

To effectuate these rules and provide for orderly operation of sentencing in criminal matters, the Court has adopted Local Rule 461 to further govern the submission of the PSR and objections from both Defendant and the Government. Local Rule 461(b) states:

> Defense counsel shall discuss the presentence report with the defendant. Not less than twenty-eight (28) days before the date set for the sentencing hearing, counsel for defendant and the Government shall each deliver to the probation officer and exchange with each other a written statement of all objections they have to statements of material fact, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the presentence report. After receipt of the objections, the probation officer shall conduct any further investigation and make any necessary revisions to the presentence report.

Local Rule 461(e) further provides:

> Except for good cause shown, no objections may be made to the presentence report other than those previously submitted to the probation officer pursuant to (b) and those relating to information contained in the presentence report that was not contained in the proposed presentence report.

Accordingly, untimely objections made pursuant to 461(b) will only be considered upon a showing of good cause. Absent good cause, such objections may not be considered.

///

3

### III. ANALYSIS

In the instant case, it is undisputed the deadline for both Defendant and the Government to file their informal objections to the PSR was September 8, 2022. (ECF No. 42.) It is further undisputed that the Government submitted its informal objections a day late. (ECF Nos. 54, 56.) The only dispute is what the sanction should be for the Government's untimely informal objections. The Defendant argues the Court should "strike the government's informal objection letter, grant that portion of his Motion for Correction related to the two-level base offense level adjustment from U.S.S.G. §2K2.1(a)(1) (Base Offense Level 26) to U.S.S.G. §2K2.1(a)(2) (Base Offense Level 24), and vacate the evidentiary hearing regarding whether the fuel filters listed as Exhibits 29 and 30 in the ATF Examination Report constitute potential suppressors." (ECF No. 54 at 8.) In opposition, the Government argues the violation is minor in scope and Defendant's suggested sanction is disproportionate and unreasonable. (ECF No. 56 at 3.) The proper sanction, the Government asserts, "is to provide the Probation Officer an extra day to complete the Final PSR." (*Id.*)

The Court's analysis begins with Local Rule 461(b). As noted above, there is no dispute the Government submitted its informal objections after the deadline provided by Local Rule 461(b). Accordingly, the Government failed to submit objections pursuant to Local Rule 461(b). Local Rule 461(e) states "no objections may be made to the presentence report other than those previously submitted to the probation officer pursuant to (b)" unless "good cause [is] shown." As such, the question is whether the Government has shown good cause for its late objection. The Court finds the Government has not.

The Government argues they "provided good cause for the requested extension" as they "sought a minor accommodation to avoid a late-night response after an unusually-late-scheduled hearing in another Court." (ECF No. 56 at 3.) The Government contends it would have been impractical to file a motion with a briefing schedule and hearing date simply to request a half-day continuance on the informal objections. (*Id.*) Filing such motion, the Government asserts, would have delayed the PSR and run counter "to the generally flexible and accommodating practice in this district among the parties at the informal objection stage." (*Id.* at 4.)

The Government's argument is unpersuasive. Probation submitted the Draft PSR to the Court and the parties on August 24, 2022. (ECF No. 43.) Informal objections were due September 8, 2022. (ECF No. 42.) Accordingly, both Defendant and the Government had two weeks and one day to review the Draft PSR, draft objections, and submit these objections to Probation. A hearing that occurred on the day the informal objections were due, even an "unusually-late-scheduled" hearing, cannot constitute good cause. *See Kirk v. U.S. I.N.S.*, 927 F.2d 1106, 1108 (9th Cir. 1991) (finding counsel's involvement in three other hearings was insufficient to establish good cause for delay in filing answer to charges); *see also Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1042, 1048 (8th Cir.2010) (an attorney being "occupied with other hearings does not constitute excusable neglect.") Thus, the Government has failed to establish good cause for submitting their informal objections late.

Probation relied exclusively on the ATF report contained in the Government's untimely informal objections to assess a two-level base offense adjustment under U.S.S.G. §2K2.1(a)(1). (ECF No. 44-3 at 1.) Because the Government's informal objections were untimely, Probation's consideration of this ATF report was improper. Accordingly, Probation is directed to revise the PSR to remove the two-level base offense adjustment under U.S.S.G. §2K2.1(a)(1), applying instead the initial base level determination under U.S.S.G. §2K2.1(a)(2). Probation is further directed to make any additional revisions needed to comply with this Court's order — removing any other modifications made to the Draft PSR based on the Government's untimely informal objections.

///
///
///
///
///
///
///
///

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to strike is GRANTED.  (ECF No. 53.) The Government's untimely informal objections are stricken.  Probation is directed to revise the PSR according to this Court's Order.  The evidentiary hearing set for December 15, 2022, at 1:30 p.m. (ECF No. 51) is VACATED.  The parties are directed to meet and confer regarding a date for sentencing and provide the Court a proposed sentencing date by December 16, 2022.

IT IS SO ORDERED.

**DATE: DECEMBER 8, 2022**

Troy L. Nunley
United States District Judge