UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON HOWARD,<br><br>Defendant. | No. 2:20-cr-00090-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Clayton Howard's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 66.) The Government filed an opposition. (ECF No. 68.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On April 28, 2022, Defendant pleaded guilty to felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 38.)  On March 9, 2023, the Court sentenced Defendant to an 86-month term of imprisonment followed by a 36-month term of supervised release.  (ECF No. 64.)  Defendant is currently serving his sentence at FCI-Sheridan.  (ECF 68-1 at 13.)  He has served approximately 42 months of his 86-month sentence, and his projected release date is August 21, 2026.  (*Id.* at 3–4.)

On November 27, 2023, Defendant, proceeding *pro se*, filed the instant motion for compassionate release.  (ECF No. 66.)  Defendant requests the Court reduce his term of imprisonment to time served or reduce his term in accordance with what "the Court deems appropriate."  (*Id.* at 5.)

**II.    ANALYSIS**

   **A.     Exhaustion**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, Defendant made a request to the warden on December 4, 2023.  (ECF No. 68-1 at 11.)  Because more than 30 days have elapsed since that request, Defendant has met the threshold exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

   **B.     Extraordinary and Compelling Reasons**

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such reduction is "consistent with applicable policy statements issued by

1    the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit has held that "the

2    current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. §

3    3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021).

4    The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13

5    may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they

6    are not binding." *Id.*  The Court thus looks to § 1B1.13 as persuasive authority.

7         Defendant argues the following constitute extraordinary and compelling reasons for his

8    release: (1) his conditions of confinement during the COVID-19 pandemic; (2) current conditions

9    of confinement at FCI-Sheridan; (3) his medical conditions; and (4) his post-conviction

10   rehabilitation.  (ECF No. 66 at 4.)  In opposition, the Government argues none of these

11   circumstances justify Defendant's release.  (ECF No. 68 at 6–7.)  For the reasons set forth below,

12   the Court agrees with the Government.

13        First, Defendant argues risks related to COVID-19 at the Sacramento County Jail and

14   FCI-Sheridan constitute extraordinary and compelling reasons for release.  However, Defendant

15   is no longer housed at the Sacramento County Jail, and there is only one active case of COVID-

16   19 at FCI-Sheridan where Defendant is currently housed.  Federal Bureau of Prisons, *Inmate*

17   *COVID Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited

18   Feb. 7, 2024).

19        Second, Defendant's current conditions of confinement are not proper grounds for

20   compassionate release.  "[T]o challenge the conditions of . . . confinement, that claim may be

21   properly brought in a habeas petition or a direct civil claim, not via compassionate release."

22   *United States v. Shults*, No. 1:17-cr-00136-JLT, 2022 WL 2990716, at *5 n.4 (E.D. Cal. July 28,

23   2022).  Moreover, venue is not proper in the Eastern District of California to consider a habeas

24   petition from Defendant.  Under 28 U.S.C. § 2241, venue lies with the district court that has

25   personal jurisdiction over the petitioner's custodian.  *Hernandez v. Campbell*, 204 F.3d 861, 864

26   (9th Cir. 2000).  Because FCI-Sheridan is in Sheridan, Oregon, the proper venue for Defendant to

27   challenge the conditions of his confinement is the District of Oregon.

28   ///

Third, Defendant fails to persuade the Court that his medical conditions warrant a sentence reduction. Defendant's medical records, filed under seal by the Government, indicate he is suffering from various conditions, including asthma, Barrett's esophagus, chronic obstructive pulmonary disease, congestive heart failure, hypertension, gastroesophageal reflux disease, and elbow pain. (ECF No. 71-1 at 3.) Defendant additionally claims he has contracted COVID-19 multiple times and suffers from tooth pain. (ECF No. 66 at 4.) For a medical condition to qualify as "extraordinary and compelling, the ailment must substantially diminish the defendant's ability to provide self-care within the environment of a correctional facility and be a condition from which the defendant [is] not expected to recover." *United States v. Barajas-Guerrero*, No. 1:17-cr-00148-JLT-SKO, 2023 WL 5002933, at *3 (E.D. Cal. Aug. 4, 2023). Defendant's medical records indicate he is being treated and medicated for his conditions. (ECF No. 71-1 at 3.) Further, Defendant has received a COVID-19 vaccination and has been placed on a routine care list for dental work. (*Id.* at 45–46.) Based on the record currently before the Court, it appears none of Defendant's conditions substantially diminish Defendant's ability to provide self-care and the BOP is capable of adequately treating such conditions. (*See id.* at 3.)

Lastly, Defendant lists post-conviction rehabilitation as an extraordinary and compelling reason for his release but offers no specific argument on this point. (ECF No. 66 at 4.) While the Court commends Defendant on positive steps he may have taken while in custody, Defendant fails to convince the Court that his rehabilitation efforts warrant a sentence reduction at this time.

For all these reasons, the Court concludes Defendant has not shown extraordinary and compelling reasons for Defendant's release.

### C.      18 U.S.C. § 3553(a) Factors

In addition, the Court finds a sentence reduction is not warranted under the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). Defendant raises several arguments that may be construed as arguments under § 3553(a). More specifically, Defendant argues: FCI-Sheridan lacks rehabilitation programs; he needs to care for his nine-year old son; there is a national trend "towards rehabilitation and away from punishment" to support compassionate

release; he is rehabilitated; and his conditions of confinement relating to COVID-19 render his sentence more severe than intended.  (ECF No. 66 at 5–7.)  In opposition, the Government emphasizes that Defendant has a criminal history spanning 26 years with convictions involving violence, firearms, drugs, and evading law enforcement.  (ECF No. 68 at 8.)  The Government also argues a sentence reduction would minimize the seriousness of Defendant's offense.  (*Id.*)

The Court agrees with the Government.  Defendant's 86-month term of imprisonment represents a sentence in the middle of the applicable guideline range.  Based on Defendant's extensive criminal history and the serious nature of the instant offense, Defendant has not shown the § 3553(a) factors support a reduction from his well-supported 86-month term of imprisonment.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 66.)

IT IS SO ORDERED.

DATE:  February 12, 2024

Troy L. Nunley
United States District Judge